Filed 2/17/16  P. v. Castro CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FRANCISCO CASTRO, Defendant and Appellant. | D066989 (Super. Ct. No. SCD249827) |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Reversed in part.


Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Francisco Castro guilty of second degree murder (Pen. Code, § 187, subd. (a)),[1] with the further finding that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)). The trial court made a finding that Castro incurred a prior prison term (§ 667.5, subd. (b)), and sentenced Castro to an indeterminate term of 15 years to life for the murder conviction, plus a one-year determinate term for the weapon enhancement and another one-year determinate term for the prior prison term.

Castro contends that the court erred in finding that he incurred a prior prison term within the meaning of section 667.5, subdivision (b), and that the true finding on the prison prior and the corresponding one-year sentence enhancement should be stricken. We conclude that Castro's argument has merit, and we accordingly strike the true finding on the prior prison term and the corresponding one-year sentence.

I

FACTUAL AND PROCEDURAL BACKGROUND

Castro killed Christian Veloria on July 27, 2013, by stabbing him.[2] An information charged Castro with murder (§ 187, subd. (a)), alleging that he personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)). The information also alleged that Castro had incurred a prior prison term within the meaning of section 667.5, subdivision (b). As described in the information, the prior prison term was imposed for a

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]     As the details of the crime are not relevant to the issue presented, we do not discuss them.

conviction in federal district court on June 19, 2009, based on the offense of alien smuggling (the 2009 federal conviction).

After a jury trial, Castro was convicted of second degree murder, with a true finding on the weapon enhancement. After receiving evidence concerning the 2009 federal conviction, the trial court found that it qualified as a prior prison term within the meaning of section 667.5, subdivision (b).

Castro was sentenced to an indeterminate term of 15 years to life for the murder conviction, a one-year determinate term for the weapon enhancement, and a one-year determinate term based on the prior prison term.

## II

## DISCUSSION

As his sole contention on appeal, Castro argues that the imposition of the one-year sentence for the prior prison term must be stricken because the federal crime of alien smuggling does not include all the elements of a crime defined under California law. The Attorney General acknowledges that Castro's argument has merit and agrees that we should strike the sentence imposed for the prior prison term. As we will explain, we agree with the position of the parties.

The 2009 federal conviction was for violation of the federal criminal prohibition against alien smuggling under title 8, United States Code section 1324(a)(1)(A)(ii) and (v)(II). Specifically, that provision criminalizes the conduct of any person who "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move

3

such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law" (8 U.S.C. § 1324(a)(1)(A)(ii)) or "aids or abets" such an act (8 U.S.C. § 1324(a)(1)(A)(v)(II)).

Under section 667.5, subdivision (b), a defendant receives a one-year enhancement on his current sentence for "each prior separate prison term . . . imposed . . . for any felony." (*Ibid*.) As set forth in section 667.5, subdivision (f), for the purpose of the enhancement "[a] prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law if the defendant served one year or more in prison for the offense in the other jurisdiction."[3] (§ 667.5, subd. (f).) Accordingly, the one-year enhancement set forth in section 667.5, subdivision (b) is properly applied here only if the offense of alien smuggling under federal law for which Castro was sentenced in the 2009 federal conviction "includes all of the elements of the particular felony as defined under California law." (§ 667.5, subd. (f); see also *People v. Riel* (2000) 22 Cal.4th 1153, 1203 [applying § 667.5, subd. (f)].)

The parties agree that there is no offense under California law that is comparable to the federal offense of alien smuggling. This is because, as a general matter, "the

---

[3] Similarly, section 668 states for the purpose of imposing an enhancement based on a prior conviction or a prior prison term, "[e]very person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this state, that person could have been punished under the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if that prior conviction had taken place in a court of this state."

'[p]ower to regulate immigration is unquestionably exclusively a federal power.' " (*In re Jose C.* (2009) 45 Cal.4th 534, 550.) Accordingly, as the 2009 federal conviction did not involve a crime that includes all of the elements of a comparable felony as defined under California law, the prison term associated with the 2009 federal conviction was not a prior prison term within the meaning of section 667.5, subdivision (b). (See *People v. Franz* (2001) 88 Cal.App.4th 1426, 1454 [federal offense of possessing counterfeit United States currency was not comparable to any similar California crime, and thus the trial court erred in imposing a sentencing enhancement under § 667.5, subd. (f) for the defendant's prior federal prison term].) The trial court erred in making such a finding.

As we have concluded that the trial court erred in making a true finding that Castro incurred a prior prison term within the meaning of section 667.5, subdivision (b), we accordingly strike the true finding and the corresponding one-year sentence enhancement.

DISPOSITION

The trial court's finding that Castro incurred a prior prison term within the meaning of section 667.5, subdivision (b) is stricken, and the one-year term imposed as a result of that true finding is also stricken.  In all other respects, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

IRION, J.

WE CONCUR:


NARES, Acting P. J.


AARON, J.